## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
## SPRINGFIELD DIVISION

GREGORY D. JONES,           )
    Plaintiff,              )
                               )
    v.                       ) Case No. 3:24-cv-3121-SEM-DJQ
                               )
JUDGE HOOKER, *et al.*       )
    Defendant.              )

## MERIT REVIEW ORDER ON AMENDED COMPLAINT

**SUE E. MYERSCOUGH, United States District Judge:**

Before the Court is a Motion for Leave to File Amended Complaint (Doc. 21) filed by Plaintiff *pro se* Gregory D. Jones. For the following reasons, the Motion is granted and Plaintiff may proceed on an Eighth Amendment failure to protect claim.

### I. Background

The Court entered a Merit Review Order (Doc. 19) on February 10, 2025, dismissing Plaintiff's initial Complaint (Doc. 1) for failure to state a claim that is cognizable under 42 U.S.C. § 1983. Dismissal was without prejudice, and Plaintiff was granted 21 days in which to file an amended complaint.

Plaintiff subsequently filed a Motion for Extension of Time (Doc. 20), asking for an extension until March 21, 2025, in which to

file a proposed amended complaint.  Plaintiff then filed a Motion for
Leave to File Amended Complaint (Doc. 21) with a certificate of
service dated March 17, 2025.

Plaintiff's Motions (Docs. 20, 21) are GRANTED.  The Amended
Complaint is the operative pleading in this case and is now before
the Court for screening.

## II. Screening Standard

The Court must "screen" Plaintiff's Amended Complaint and
dismiss any legally insufficient claim or the entire action if
warranted. 28 U.S.C. § 1915A. A claim is legally insufficient if it "(1)
is frivolous, malicious, or fails to state a claim upon which relief
may be granted; or (2) seeks monetary relief from a defendant who
is immune from such relief." *Id.* In reviewing the complaint, the
Court accepts the factual allegations as accurate, liberally
construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d
645, 649 (7th Cir. 2013). However, conclusory statements and
labels are insufficient. Enough facts must be provided to "state a
claim for relief that is plausible on its face." *Alexander v. United
States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

## III. Facts Alleged

Plaintiff is an inmate in the custody of the Illinois Department of Corrections ("IDOC") at Pinckneyville Correctional Center ("Pinckneyville").  His Amended Complaint relates to his time at Western Illinois Correctional Center ("Western") and identifies the following Defendants: Western Lieutenant Jackson, Western Officer Zanger, and IDOC Director Rob Jeffreys.

Plaintiff alleges that, sometime prior to the events at issue in this suit, he was beaten by one or more members of the Vice Lords gang, which required him to be flown to the intensive care unit ("ICU") for medical treatment.

On December 30, 2021, Plaintiff alleges that he asked Defendant Jackson for protective custody and crisis team intervention because Western staff tried to move a Vice Lord member into his cell.  Defendant Jackson allegedly told Plaintiff that Plaintiff could "either take another helicopter ride (to hospital) or get a ticket."  Defendant Jackson then wrote Plaintiff a disciplinary ticket for disobeying a direct order by refusing housing.

Plaintiff alleges that, on January 4, 2022, he asked Defendant Zanger for protective custody.  Defendant Zanger allegedly responded: "either go back where you got beat up or get a ticket."

Defendant Zanger did not provide Plaintiff with protective custody
and issued Plaintiff a disciplinary ticket for disobeying a direct
order essential to safety and security by refusing to move cells.  The
exhibits attached to Plaintiff's Amended Complaint show that this
disciplinary ticket was reduced to the minor offense of disobeying a
direct order because there was no substantiation the order was
essential to safety and security.

Plaintiff alleges that as IDOC Director Defendant Jeffreys failed
to issue any directives providing inmates with access to protective
custody in minimum and medium security facilities.  Plaintiff
attaches a copy of 20 Ill. Admin. Code 501.300 *et seq.*, which
provides for protective custody.  Specifically, section 501.310(a)
requires "[e]ach *maximum* security facility [to] maintain an area for
placement of committed persons in protective custody" (emphasis
added).

Finally, Plaintiff alleges that the discipline imposed by
Defendants Jackson and Zanger was cited by the Cook County
State's Attorney's Office when opposing Plaintiff's executive
clemency petition in his underlying criminal case.  Plaintiff attaches

a copy of the State's Attorney's letter to the Prison Review Board, objecting to Plaintiff's request for commutation of his sentence.

In that letter, the State's Attorney summarized the facts of Plaintiff's underlying criminal conviction and then listed several bases for objection.  First, the State's Attorney highlighted that "[c]lemency is an extraordinary remedy and must be reserved only for the most extraordinary cases."  Second, the State's Attorney emphasized the appropriateness of a mandatory life sentence for Plaintiff, due to his conviction for the "brutal murder [of] two people," and argued against any reduction in sentence that would undermine the decision of the trial court.  The State's Attorney indicated that, despite Plaintiff's purported remorse, the purpose of the prison sentence was not only rehabilitative but also punitive. Finally, the State's Attorney's objection included a description of Plaintiff's prison disciplinary record as "concerning" because it included "a laundry list of major and minor tickets" including a major ticket from January 2022 for disobeying a direct order.

The Court notes that Plaintiff has also attached a copy of his disciplinary history, which not only lists the December 2021 and January 2022 tickets issued by Defendants Jackson and Zanger

but also major offenses in September 2018 (assault, insolence, and contraband), June 2019 (dangerous disturbance and insolence), January 2020 (insolence and disobeying a direct order), and December 2021 (fighting).

In Plaintiff's Amended Complaint, he asks for the following relief: (1) an order for Defendant Jeffreys, or current IDOC Director LaToya Hughes, to provide a clear directive for protective custody in minimum and medium security facilities; (2) an expungement of the disciplinary tickets for refusing housing; and (3) an order notifying the criminal courts of the ticket expungements.

### IV. Analysis

Plaintiff may proceed on an Eighth Amendment claim for failure to protect.

To state a claim for failure to protect, a plaintiff needs to allege that (1) the denial of his request for protective custody posed a substantial risk of serious harm and (2) the defendants acted with deliberate indifference to that risk. *Hoban v. Godinez*, 502 F. App'x 574, 578 (7th Cir. Nov. 6, 2012), *citing Farmer v. Brennan*, 511 U.S. 825, 834 (1994), *Dale v. Poston*, 548 F.3d 563, 569 (7th Cir. 2008).

Here, Plaintiff has adequately alleged that denial of his request for protective custody posed a substantial risk of serious harm, due to his history of having been assaulted so severely by Vice Lords members that he was hospitalized in the ICU. *See Hoban*, 502 F. App'x at 578 (identified history of attacks sufficient to constitute a substantial risk of serious harm), *citing Brown v. Budz*, 398 F.3d 904, 911-12 (7th Cir. 2005).

So too, Plaintiff has adequately alleged that Defendants Jackson and Zanger were deliberately indifferent to that risk when they explicitly acknowledged the past assault and then told Plaintiff that he could either risk another assault or be disciplined. *See Perkins v. Givens*, 688 F. App'x 397, 399 (7th Cir. 2017) (characterizing a prison official's response as unreasonable if they offer a prisoner requesting protective custody the "Hobson's choice [of] . . . protection in the form of disciplinary segregation or no protection at all"), *citing Gevas v. McLaughlin*, 798 F.3d 475 (7th Cir. 2015).

Plaintiff may also proceed on a failure to protect claim against the IDOC Director for failure to provide protective custody in minimum and medium security prisons. *See Childress v. Walker*,

787 F.3d 433, 440 (7th Cir. 2015) ("In the case of those responsible for setting policy, liability will result from the institution of a 'policy that, when enforced, causes a constitutional deprivation.'").  The claim proceeds against the IDOC Director in his or her official capacity only.  Therefore, Acting IDOC Director LaToya Hughes will be substituted in place of former IDOC Director Rob Jeffreys.  Fed. R. Civ. P. 25(d).

However, this Court lacks the ability to grant Plaintiff's request for expungement of the disciplinary tickets.  So too, this Court cannot interfere in Plaintiff's request for executive clemency in his underlying state court conviction.

As indicated in the prior Merit Review Order (Doc. 19, at 2-3), Plaintiff may not use a Complaint filed under § 1983 to seek expungement of a ticket.  Further, "[h]abeas corpus…is the exclusive federal remedy for a state prisoner to challenge the validity of his conviction.  Consequently an inmate may not maintain a Section 1983 suit seeking injunctive relief solely to facilitate an attack on a conviction in state court proceedings." *Jones v. Burris*, 825 F.Supp. 860, 861 (N.D. Ill. 1993) (internal

citation omitted), *citing Preiser v. Rodriguez*, 411 U.S. 475, 500

(1973); *see also Heck v. Humphrey*, 512 U.S. 477, 481 (1994).

**IT IS THEREFORE ORDERED:**

1)  **Plaintiff's Motion for Extension of Time [20] is GRANTED.**

2)  **Plaintiff's Motion for Leave to File Amended Complaint [21] is GRANTED. The Clerk is directed to docket the Amended Complaint and attached exhibits.**

3)  **According to the Court's Merit Review of Plaintiff's Amended Complaint under 28 U.S.C. § 1915A, Plaintiff has alleged enough facts to proceed with an Eighth Amendment claim of failure to protect against Defendants Jackson and Zanger, in their individual capacities, and against Defendant LaToya Hughes in her official capacity. Additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or under Federal Rule of Civil Procedure 15.**

4)  **The Clerk is directed to add Lieutenant Jackson, Officer Zanger, and IDOC Director LaToya Hughes as Defendants on the docket. The Clerk is further directed to terminate Defendants Hooker, Clerk (Doe), and Grant as Defendants.**

5)  **This case is now in the process of service. The Court advises Plaintiff to wait until counsel has appeared for Defendants before filing any motions, to give Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit evidence to the Court unless otherwise directed by the Court.**

6)  **The Court will attempt service on Defendants by mailing waivers of service. Defendants have sixty days from service to file their Answers. If a Defendant has not filed an Answer or appeared through counsel within ninety days of the entry of this Order, Plaintiff may file a motion**

requesting the status of service. After Defendants have been served, the Court will enter an order setting discovery and dispositive motion deadlines.

7) Concerning a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall submit to the Clerk said Defendant's current work address or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

8) Defendants shall file an Answer within sixty days of the date the Clerk sends the waiver. A motion to dismiss is not an answer. The Answer should include all defenses appropriate under the Federal Rules. The Answer and subsequent pleadings shall be to the issues and claims stated in this Order. In general, an answer sets forth a Defendant's positions. The Court does not rule on the merits of those positions unless and until a Defendant files a motion. Therefore, no response to an Answer is necessary or will be considered.

9) This District uses electronic filing, which means that, after Defendants' counsel have filed an appearance, counsel will automatically receive electronic notice of any motion or other paper filed by Plaintiff with the Clerk. Therefore, Plaintiff does not need to mail copies of motions and other documents that Plaintiff has filed with the Clerk to Defendants' counsel. However, this does not apply to discovery requests and responses. Discovery requests and responses are not filed with the Clerk. Instead, Plaintiff must mail his discovery requests and responses directly to Defendants' counsel. Discovery requests or responses sent to the Clerk will be returned unfiled unless they are attached to and the subject of a motion to compel. Discovery does not begin until Defendant's counsel has filed an appearance, and the

Court has entered a scheduling order, which will explain the discovery process in more detail.

10) Defendants' counsel is granted leave to depose Plaintiff at his place of confinement. Defendants' counsel shall arrange the time for the deposition.

11) Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to inform the Court of a change in mailing address or phone number will result in the dismissal of this lawsuit with prejudice.

12) If a Defendant fails to sign and return a waiver of service to the Clerk within thirty days after the waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshals service on that Defendant and will require that Defendant to pay the total costs of formal service under Federal Rule of Civil Procedure 4(d)(2).

13) The Court directs the Clerk to enter the standard qualified protective order under the Health Insurance Portability and Accountability Act.

14) The Court directs the Clerk to attempt service on Defendants under the standard procedures.

ENTERED May 22, 2025.


s/ *Sue E. Myerscough*
_____
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE